## STATE *vs.* S. W. ALLEN et al.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed May 11, 1899.

*Listers.*—V. S. 2992, which provides that if a lister after accepting the office does not perform its duties, he shall be fined one hundred dollars, applies to a failure to take up or carry on the general duties of the office, and not to single instances of failure to perform the whole duty of lister, such as the omission to file the tax inventories with the town clerk for preservation, as required by V. S. 440.

INDICTMENT. Demurrer. At the September term, 1898, Essex county, *Taft*, J., presiding, a *pro-forma* judgment was rendered overruling the demurrer and holding the indictment sufficient. The respondent excepted.

*H. W. Lund*, State's Attorney, for the State.

*George N. Dale* and *Bates, May & Simonds* for the respondents.

START, J. It is charged by the indictment that the respondents, as listers of the town of Maidstone, neglected and refused to lodge the inventories of the several tax-payers of the town of Maidstone in the town clerk's office, on or before June 1, 1896.

This neglect and refusal is not an offense against the criminal law, unless it is made so by V. S. 2992, which provides, that, if a lister, after accepting the office, does not perform its duties, he shall be fined not more than one hundred dollars. V. S. 440, provides that the inventories filled out by the tax-payers and taken up by the listers shall, on or before the first day of June in the year in which they are taken up, be lodged in the office of the town clerk, where they shall be preserved for a period of three years from such first day of June, and, after the expiration of such period, they may be destroyed by the clerk. It will be noticed that this section does not provide that it shall be the duty of the listers, or any of them, to thus lodge the inventories in the office of the town clerk. But, assuming that it was intended that this duty should be performed by the board of listers, or that each lister should lodge in the town clerk's office the inventories taken up by him, we think an offense against § 2992 is not alleged. It was not intended that a lister who entered upon and continued in the performance of the duties of the office should be subjected to a fine of one hundred dollars, if, in a single instance, he failed to perform his whole duty; nor was it intended that he should forfeit a like sum for every shortage of duty. If a lister, accepting the office, does nothing more, or if, after accepting the office and entering upon the performance of its duties, he stops and does not continue in the performance of its duties, he subjects himself to the penalty provided for in this section,

and not otherwise.   It is not alleged in the indictment that the respondents, after accepting the office, did not enter upon and continue in the performance of its duties; and, for want of such allegation, it must be held insufficient.

> *Exceptions sustained; indictment adjudged insufficient and quashed; respondents discharged.*